IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW KUZNYETSOV, et al., )
)
   Plaintiffs, )
)
vs. ) Civil Action No. 9-379
)
WEST PENN ALLEGHENY HEALTH SYSTEM, )
INC., et al., )
)
   Defendants. )

AMBROSE, Chief District Judge

# MEMORANDUM ORDER OF COURT

On June 1, 2009, I afforded the parties the opportunity to develop and agree upon a mutually acceptable Fair Labor Standard Act ("FLSA") notice. (Docket No. 81, p. 10). If the parties could not agree on a notice, then they were to cross file proposed notices. *Id.* The parties did note not reached an agreement and have cross filed motions for approval of notice. (Docket Nos. 106 and 109).

The Supreme Court has noted that the content details of a proposed notice under § 216(b) should be left to the broad discretion of the trial court. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative." *Id.* at 172. "In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Id.* at 174. With this standard in mind, I now turn to the case at hand.

On June 1, 2009, Judge Bissoon issued an order in a similar case approving the contents of a notice. *See, Camesi v. University of Pittsburgh Medial Center ("UPMC"),* Civil Action No. 09-85J, Docket No. 154. Plaintiffs urge me to enter an identical order altering only the name of the

Defendant. (Docket No. 107, pp. 3-4). Along the same lines, Defendants urge me to enter a similar order to the *Camesi* order, but request that I make a "few" changes to further "the goals of judicial neutrality and precision." (Docket No. 110, pp. 3-10). As a result, I will use the final notice approved by Judge Bissoon in the *Camesi* case as a starting point and address Defendants' suggested changes.

The first necessary amendment to the *Camesi* notice is to change the identity of the Defendants. Plaintiffs suggest to switch the name "UPMC and related entities" to "West Penn Allegheny Health System and related entities." (Docket No. 108-5). Defendants argue that the name UPMC should be changed to "West Penn Allegheny Health System, Inc., Allegheny General Hospital, The Western Pennsylvania Hospital, Alle-Kiski Medical Center or Canonsburg General Hospital ("West Penn")". (Docket No. 110, p. 4). Defendants submit that because of the complex merger among the Defendants in January of 2008, it may be confusing to potential plaintiffs to list only West Penn Allegheny Health System and related entities. After a review, I agree with Defendants that a short listing of West Penn Allegheny Health System, Inc. plus the four hospitals accurately describes the named Defendants in this action and eliminates potential confusion by those employed by the named hospitals as to whether that they have a right to opt in. Therefore, the *Camesi* approved notice shall be altered at the top of the first page to read as follows:

> If you worked for West Penn Allegheny Health System, Inc., Allegheny General Hospital, The Western Pennsylvania Hospital, Alle-Kiski Medical Center or Canonsburg General Hospital ("West Penn") as an hourly employee in the last three yeas, a lawsuit may affect your rights.

Additionally, every time thereafter that UPMC occurs in the *Camesi* approved notice, it is to be changed to "West Penn."

The next change requested by Defendants is to add a sentence to the end of the first bullet paragraph on page one. (Docket No. 110, p. 4-5). Specifically, Defendants submit that I add the following sentence: "West Penn denies that it did anything wrong and says that it paid all overtime

2

wages required in such situations." *Id*. at 5. In support of the same, Defendants argue that their position only appears once "and not until the third page of the notice, which the recipient may not even reach if only the first page is read," thus making the notice less unbalanced. *Id.* I agree with Defendants that their position appears nowhere on the first page and it would be more balanced if it did. As a result, the sentence proposed by Defendants set forth above shall be added to the end of the first bullet paragraph on page one.

Next, Defendants request I change the second bullet paragraph on page one and the paragraphs contained under the first and second points of basic information. (Docket No. 110, p. 5). Specifically, Defendants claim that as stated the notice suggests that I certified a claim for all unpaid compensation when I only conditionally certified a claim for overtime compensation. I agree with Defendants and the affected paragraphs shall read as follows:

| | |
|---|---|
| Page 1 | The Court has allowed the lawsuit to be conditionally certified as a collective action on behalf of employees who have been subject to automatic meal break deductions and who have or may have worked through or during unpaid meal breaks but did not receive overtime compensation. |
| Point 1 | On April 1, 2009, a group of former and/or current employees of West Penn filed a lawsuit in the United States District Court for the Western District of Pennsylvania (Civil Action No. 09-379), claiming, among other things, that they were hourly employees who did not receive overtime compensation for work performed during meal breaks. West Penn's records show that you currently work, or previously worked, for West Penn in an hourly-paid position. |
| Point 2 | In this case, the Court has determined preliminarily that hourly employees, who were subject to automatic meal period deductions and who are alleged to be owed overtime compensation as a result of having worked through or during unpaid meal breaks during the past three years, may have sufficiently similar claims that it makes sense to send this notice of rights to such employees. |

Defendants next argue that the paragraph in the first box and the second paragraph under the seventh point of basic information inaccurately suggest that if an individual does not join the lawsuit he/she will lose his/her means of obtaining overtime compensation for West Penn. In

3

addition, Defendants argue that the term "benefits" should be deleted because there are no other remedies that Plaintiffs have sought. (Docket No. 110, p. 6). I disagree with Defendants that there are no other "benefits" that Plaintiffs could derive from joining the lawsuit. As a result, I decline to make this alteration.

With regard to the first argument, however, I agree with Defendants that the first box and the second paragraph under the seventh point of basic information inaccurately suggest that if an individual does not join the lawsuit he/she will lose his/her means of obtaining overtime compensation for West Penn. As a result, the affected paragraphs shall read as follows:

> Page 1 First Box   By joining, you may get money or benefits that may come from a trial or a settlement. But, you give up any rights to sue West Penn separately about the same legal claims in this lawsuit.
>
> Point 7   If you don't join this lawsuit, you will retain any legal rights you may have to overtime compensation and will have other options available to you to pursue the claims for overtime compensation asserted in the lawsuit. You may approach West Penn directly or, if you are a member of a union, you may seek the union's assistance. You also are free to independently retain your own lawyer and file your own individual lawsuit, subject to any defenses that might be asserted. (No other changes to the rest of this paragraph).

Further, due to the difference in policies and denials offered by Defendants in this suit, Defendants propose using a separate and distinct paragraph setting forth their denial rather than using UPMC's denial of their policy at issue. (Docket No. 110, pp. 6-7). I agree with Defendants that they should set forth their own denial and the fourth point of basic information should read as follows:

> Point 4   West Penn denies that it did anything wrong and says that it paid all overtime wages required under the FLSA. West Penn also says that it has policies and procedures in place to insure that any automatic meal break deductions were canceled for employees who worked during any part of a meal break, so that hourly wage employees received all overtime wages to which they were entitled.

4

West Penn next argues that when discussing the notice in the fifth point of basic information, it should be amended to revise the word "issuing" to the phrase "authorizing issuance of" to avoid the mistaken belief that the Court has issued the notice. (Docket No. 110, p. 7). I agree with Defendants that substituting the phrase "authorizing issuance of" for the word "issuing" makes the paragraph clearer and approve of the same.

Additionally, Defendants argue that the last sentence of the fifth point of basic information should be amended: 1) to delete that West Penn will ask the Court to review if the Plaintiffs are proper members and simply state that the Court will engage in a review; and, 2) to delete the entire last phrase to simplify matters for the potential Plaintiffs. (Docket No. 110, pp. 7-8). I agree with Defendants on both counts. Who moves for review and what evidence will be reviewed is not necessary information for the notice. Consequently, the fifth point of basic information should read as follows:

> Point 5      The Court has not decided whether West Penn or the plaintiffs are correct. By conditionally permitting the collective action and authorizing the issuance of this Notice, the Court is not suggesting that the plaintiffs will win or lose this case. The plaintiffs must prove their claims. Therefore, there is no money or benefits available now.
>
> Once people have had the chance to opt in, the Court will decide whether people who have opted in may participate in this collective action. Only people "similarly situated" to the plaintiffs may participate in this collective action. To determine whether you are indeed a proper member of this collective action, the Court will engage in a review of the circumstances of your employment with West Penn.

Defendants next argue that I should substitute the word "will" for the word "may" in the sixth point of basic information to emphasize that the opt-in deadline is real. (Docket No. 110, p. 8). There is no doubt that the opt-in deadline is real, but there could conceivably be extenuating circumstances. As a result, I decline to adopt this request.

Defendants request I delete the phrase "discouraging or in any other way" from the eighth point of basic information because "discouraging" is "not linked to an appropriate clause." (Docket

5

No. 110, pp. 8-9). I do not find merit to this argument, but will alter the language to conform to the statute, 29 U.S.C. §215(a)(3). As a result, the fifth point of basic information should read as follows:

> Point 8      Federal law prohibits West Penn from discharging or in any other manner discriminating against you because you have exercised your rights under the FLSA. Such conduct would be unlawful, and you are entitled to damages should a court determine that West Penn took any action against you for joining this lawsuit.

Defendants additionally argue that the Consent to Join form should be altered to specifically tailor the language to include a consent to join in the only claim that has been conditionally certified in this case. (Docket No. 110, p. 9). I agree and the language used should be as follows:

> By my signature below, I represent to the Court that I am a present or former hourly employee of West Penn.
>
> I understand that this lawsuit is brought under the Fair Labor Standards Act, as amended, 29 U.S.C. §§201-209, and I hereby consent, agree and opt-in to the above-captioned lawsuit that has been filed seeking payment of overtime compensation resulting from missed meal breaks.

Defendants' last main argument is that the information sheet should not contain an e-mail address that mirrors and points to the website that contains false and misleading information. (Docket No. 110, p. 10). Since the address on the notice is an e-mail address and not a web address, I decline to delete said contact information.

Finally, in a footnote, Defendants propose changes that are merely stylistic revisions. (Docket No. 110, p. 10, n. 7). To that end, I approve of the following changes:

> Point 1      On June 1, 2009, the Honorable Donetta W. Ambrose, United States Chief Judge for the Western District of Pennsylvania, authorized the sending of this Notice to inform you of your rights in connection with this lawsuit.
>
> Point 3      The plaintiffs allege that West Penn's practices, as alleged above, did not comply with the Fair Labor Standards Act ("the FLSA"), and plaintiffs claim they are owed unpaid overtime, as well as additional damages that may be allowed under the law and attorneys' fees.

THEREFORE, this 15th day of July, 2009, upon consideration of the cross filed motions for approval of notice (Docket Nos. 106 and 109), it is ordered that said Motions are granted in part and denied in part as set forth more fully above.

BY THE COURT:


/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge