IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW KUZNYETSOV, et al., )<br>)<br>   Plaintiffs, )<br>)<br>   vs. )<br>)<br>WEST PENN ALLEGHENY HEALTH SYSTEM, )<br>INC., et al., )<br>)<br>   Defendants. ) | Civil Action No. 9-379 |

AMBROSE, Chief District Judge

### **MEMORANDUM ORDER OF COURT**

Plaintiffs filed a Motion to Compel Defendants to provide the last four digits of 211 putative Plaintiffs' social security numbers whose court-ordered notices were returned undeliverable by the United States Postal Service ("USPS"). (Docket No. 176). Plaintiffs assert that they need this information to find the current addresses for these individuals to send them the notice so they can make a decision about whether to participate in the case. *Id*.

Previously, I ordered that first-class mail is appropriate as the sole form of notice and that the only individual information to be provided was the name, address and telephone number (for reverse directory checks only). (Docket No. 81). Class Counsel has run a sample of reverse directory searches on Westlaw. (Docket No. 177, p. 3). They did not run the full list. The sample search has yielded 6 matches out of the 50 sample reverse directory searches. (Docket No. 177, p. 3). Plaintiffs assert that without the aid of the last four digits of the social security numbers they will not be able to contact a substantial number of putative class members (211 out of 12,828 or 1.6%). (Docket No. 177, p. 3).

In opposition, Defendants argue the motion should be denied for several reasons. (Docket No. 183). First, the success rate of reaching over 98% does not justify the invasion of privacy of

the 211 individuals (1.6% of the total putative class), especially given that so far only 986 individuals have opted-in (less than 8%). (Docket No. 183, pp. 1-8). Second, there is no guarantee that this Court will adjudicate these issues in a single action even if I order the disclosures. (Docket No. 183, p. 9). Third, the time management of the case will be held up since Plaintiffs are requesting an additional 60 day opt-in period, the same period given originally. *Id.* Fourth, there is a strong likelihood that the 211 individuals are already aware of this lawsuit as it has been publicized by counsel and, the absent members can still pursue their claims individually if they desire. Fifth, the 211 individuals have a strong interest in protecting their privacy. *Id.* at pp. 9-10.

After a review of the submission, I agree with Defendants. I find that the fraction of individuals unreached (1.6%) is not a measurable or large enough percentage to justify the invasion of privacy, especially given the fact that Plaintiffs have only tried the reverse search for 50 individuals instead of the 211, and they did not try any other vehicle other than Westlaw. There is no guarantee that I will adjudicate these issues in one action. Furthermore, the case management set by this court and counsel will be undercut if an entirely new 60 day opt-in period is reset. Finally, I find that the 211 individuals' privacy interests are paramount. Consequently, the disclosure of the last four digits of the 211 individuals is not warranted.

THEREFORE, this 16th day of October, 2009, Plaintiffs' Motion to Compel (Docket No. 176) is denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. District Judge