IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW KUZNYETSOV, *et al.*,     )
                                 )
    Plaintiffs,              )
                                 )
    vs.                      )    Civil Action No. 9-379
                                 )
WEST PENN ALLEGHENY HEALTH       )
SYSTEM, INC. *et al.*,           )
                                 )
    Defendants.              )

AMBROSE, District Judge

## MEMORANDUM ORDER OF COURT

Plaintiffs filed Objections to Special Master Orders Nos. 13, 14, and 15. (Docket Nos. 315-317). Defendants have filed a Consolidated Response. (Docket No. 318). Pursuant to Rule 53 of the Federal Rules of Civil Procedure, I reviewed all objections *de novo*.

The Objections arise from the Special Master's ruling on the following three Motions:

1. Motion to Compel Discovery Responses from All Hourly Employees Subject to Defendants' Meal Break Deduction Policy (Docket No. 233);

2. Motion to Compel Discovery Responses from All Entities that Comprise WPAHS (Docket No. 240); and

3. Motion to Identify Employees Excluded from the Notice List (Docket No. 252).

In a nutshell, all the Motions stem from a dispute between the parties as to who is included in the conditionally certified class. On June 1, 2009, I conditionally certified that class and ruled that "the policies affect all non-exempt employees, regardless of job title or work location." (Docket No. 81, p. 9). In so doing, I ordered the parties to agree upon a mutually acceptable Fair Labor Standard Act notice. The parties could not agree and I was charged with fashioning the notice based on arguments made by the parties. I began with the notice used in *Camesi v. UPMC* and made amendments from there.

While amending the notice to reflect the identity of the parties, I wrote the following:

> The first necessary amendment to the *Camesi* notice is to change the identity of the Defendants. Plaintiffs suggest to switch the name "UPMC and related entities" to "West Penn Allegheny Health System and related entities." (Docket No. 108-5). Defendants argue that the name UPMC should be changed to "West Penn Allegheny Health System, Inc., Allegheny General Hospital, The Western Pennsylvania Hospital, Alle-Kiski Medical Center or Canonsburg General Hospital ("West Penn")". (Docket No. 110, p. 4). Defendants submit that because of the complex merger among the Defendants in January of 2008, it may be confusing to potential plaintiffs to list only West Penn Allegheny Health System and related entities. After a review, I agree with Defendants that a short listing of West Penn Allegheny Health System, Inc. plus the four hospitals accurately describes the named Defendants in this action and eliminates potential confusion by those employed by the named hospitals as to whether that they have a right to opt in. Therefore, the *Camesi* approved notice shall be altered at the top of the first page to read as follows:
>
>> If you worked for West Penn Allegheny Health System, Inc., Allegheny General Hospital, The Western Pennsylvania Hospital, Alle-Kiski Medical Center or Canonsburg General Hospital ("West Penn") as an hourly employee in the last three yeas, a lawsuit may affect your rights.
>
> Additionally, every time thereafter that UPMC occurs in the *Camesi* approved notice, it is to be changed to "West Penn."

(Docket No. 115, p. 2). Defendants are now using this language to argue that they previously argued the notice should be restricted to the named Defendants only. (Docket No. 318, p. 8). This is misleading and incorrect.

Defendants *never* argued that the notice should be restricted to employees of the named Defendants only. Rather, they were arguing about how to identify the Defendants within the notice. In their Brief, Defendants led this Court to believe that it did not want to include the term "related entities" in the notice because it could confuse potential Plaintiffs since it recently went through a complex merger. Thus, in ruling upon the same, I opted for a "short listing" of the WPAHS. As can be easily discerned from my opinion, I clearly contemplated that this was a short list of what comprised the WPAHS and was not to be limited to the WPAHS alone. It was my understanding, from the beginning, that the notice was going to all non-exempt employees of the WPAHS and related entities listed in paragraphs 14-17 of the First Amended Complaint (Docket No. 125), and not just to the short listing of the "named Defendants." Thus, all non-

2

exempt employees of the specifically listed entities set forth in paragraphs 14-17 of the First Amended Complaint, that are/were subject to the automatic meal break deduction policy, whether they are temporary or otherwise,[1] appropriately fall within the conditional FLSA certification granted by this Court on June 1, 2009.

Although I am not pleased that this issue took over a year to come to my attention, this situation is easily remedied through expedited discovery and an amendment of the pleadings to specifically list the entities set forth in paragraphs 14-17 in the caption. To that end, Defendants are required to produce the following for all entities listed in paragraphs 14-17 of the First Amended Complaint: 1) A list of all applicable employees by October 4, 2010; and 2) Supplemental discovery responses for all of the entities must be accomplished by November 24, 2010. Plaintiffs are required to amend their Complaint to include the entities set forth in paragraphs 14-17 in the caption by October 1, 2010.

THEREFORE, this 27th day of September, 2010, upon consideration of the Objection to Special Master Orders Nos. 13, 14, and 15 (Docket Nos. 315-317) and related filings, it is hereby ORDERED that said Objections (Docket Nos. 315-317) are sustained and the Orders of the Special Master Nos. 13, 14 and 15 are not adopted by this Court.

It is additionally ordered that the Motions set forth at Docket Nos. 233, 240, and 252 are granted. In particular, Defendants are ordered to produce the following for all entities listed in paragraphs 14-17 of the First Amended Complaint:

1) A list of all applicable employees by October 4, 2010; and

2) Supplemental discovery responses must be accomplished by November 24, 2010.

Plaintiffs are required to amend their Complaint to include the entities set forth in paragraphs 14-17 in the caption by October 1, 2010.

---

[1] On the issue of joint employer status, Defendants have not set forth a legal analysis. As a result, I am including these employees in the conditional class to the extent they were subject to the automatic meal break deduction policy. To the extent the class is certified, Defendants may revisit this issue.

3

The Notice as to the additional employees only shall conform to that previously ordered. The opt-in period for these additional employees only shall end on November 15, 2010. Discovery as to these opt-ins only shall conclude on February 18, 2011.

                                                BY THE COURT:

                                                <u>s/ Donetta W. Ambrose</u>
                                                  Donetta W. Ambrose
                                                  United States District Judge