IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW KUZNYETSOV, *et al.*,   )
                               )
    Plaintiffs,           )
                               )
    vs.                   )    Civil Action No. 9-379
                               )
WEST PENN ALLEGHENY HEALTH     )
SYSTEM, INC. *et al.*,         )
                               )
    Defendants.           )

AMBROSE, District Judge

## MEMORANDUM ORDER OF COURT

Defendants filed a partial Motion for Summary Judgment and Involuntary Dismissal of Certain Plaintiffs. (Docket No. 255). Therein, Defendants seek summary judgment as to certain Plaintiffs pursuant to Rule 56(c) because they have either failed to meet the class requirements and dismissal of other certain Plaintiffs pursuant to Rule 41(b) because they have failed to prosecute their claims. *Id.* During the pendency of this motion, I have entered two orders allowing the dismissal of certain Plaintiffs which were previously part of the Motion. (Docket Nos. 291 and 300). This order addresses the remaining Plaintiffs that are the subject of the Motion.

### I.    Motion to Strike

In opposition to the Motion for Summary Judgment, Plaintiffs move to strike the declarations of Joe Oestreicher as well as the declarations submitted by six West Penn Allegheny Health System Human Resource Managers. (Docket No. 284, pp. 3-5 and Docket No. 301). After review of the same, I find that the declarations are based on personal knowledge. Furthermore, I find that Plaintiffs' remaining arguments go to the weight and/or credibility of Mr. Oesteicher and the other declarants, but do not serve as a basis for striking them. As a result, said Motion (Docket No. 301) is denied.

## II. **Motion for Summary Judgment - Rule 56**

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.,* 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. *Id.* Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex,* 477 U.S. at 322.

Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id.* at 324. Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." *White v. Westinghouse Electric Co.,* 862 F.2d 56, 59 (3d Cir. 1988), *quoting, Celotex*, 477 U.S. at 322.

      A.      **Request for Additional Discovery Pursuant to Rule 56(f)**

Plaintiffs submit that summary judgment is not warranted at this time because additional discovery is required. (Docket No. 284, pp. 5-11). As a result, Plaintiffs request additional discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Rule 56(f) provides as follows:

> **(f) When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** deny the motion;
>
> **(2)** order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> **(3)** issue any other just order.

Federal Rules of Civil Procedure Rule 56(f). In support of their request, Plaintiffs submit the affidavit of Justin Cordello. (Docket No. 286, ¶¶ 41-56).

Upon review of the same, I find that to the extent any Plaintiff has responded by affirmation that they were employed during a particular time and that they believe they have equitable defenses, I agree with Plaintiffs that summary judgment is not warranted and additional discovery may be necessary. Plaintiffs' request with regard to the other Plaintiffs subject to the Motion for Summary Judgment who did not respond by affirmation is rejected. No additional discovery is necessary to oppose the Motion. Rather, the information needed to oppose the Motion can come from simple affirmations of Plaintiffs themselves, just as the ones provided by some of the Plaintiffs. Consequently, that request is denied in all respects, other than in those cases where a Plaintiff has responded by affirmation that he/she was employed during a particular time and that he/she believes he/she has equitable defenses.

### B. Employees Never Employed by Defendants

Originally, Defendants argued that summary judgment should be granted as to 67 Plaintiffs because they were never employed by Defendants. (Docket No. 257, pp. 9-10 and Docket No. 256-2, p. 13). Since that time, 7 of the 67 Plaintiffs were voluntarily dismissed from the lawsuit. (Docket No. 291).

In response to the Motion, 33 of the remaining 60 Plaintiffs at issue for allegedly not being employed by Defendants submitted affidavits indicating that they were employed by Defendants thereby creating a genuine issue of material fact as to those 33 Plaintiffs. (Docket Nos. 286-6 and 7). As a result, summary judgment is not warranted as to those Plaintiffs at this time.

The remaining twenty-seven (27) Plaintiffs never responded in opposition to the Motion indicating whether they were employed by Defendants. These Plaintiffs include: Nancy Bellora, Karen Dixon, Natalie Donovan, Melanie Droppa, Nancy Fannie, Jane Fink, Debra Fisher, Janice Hiwiller, Kimberly Karabestos, Kelli Keteles, Laura Mikeska, Louann Motts, Norma Nolte, Tara Pacek, Cynthia Puchtler, Susan Richert, Noel Saccameno, Colleen Schrecengost, Renee Schriker, Latricia Scott, Christine Shaw, Elda Silla, Ruth Steffan (Donald Steffan on behalf of deceased), Charlene Suter, Rebecca Vickery, Jeffifer White and Kathleen Zier. In response to a motion for summary judgment, the non-moving party must come forward with specific facts indicating a genuine issue of material fact on matters for which they will bear the burden at trial. Plaintiffs did not have to produce deposition testimony or answers to interrogatories to oppose the motion, but rather could have come forward with simple affidavits of their own.[1] Because Plaintiffs failed to produce any evidence that they were employed, I find that summary judgment must be granted as to these 27 Plaintiffs.

---

[1] As set forth above, Plaintiffs argue that they have not had time to conduct discovery on these Plaintiffs, and so it is premature to grant summary judgment. Discovery need not have commenced as to these Plaintiffs to respond to the Motion. The information was completely within Plaintiffs' control. Counsel merely needed to secure affidavits from the Plaintiffs indicating that they were employed by Defendants, as it did for the 33 other Plaintiffs. Consequently, I do not find merit in this argument.

### C. Employees Not Employed within Three Years Prior to Filing Opt-In

Originally, Defendants argue summary judgment should be granted as to 96 Plaintiffs because their employment with Defendants terminated more than three years before their opt-in consent forms were filed such that they are now time barred. (Docket No. 257, p. 10 and Docket No. 256-2, p. 14). The statute of limitations for an FLSA action is two years, or three if there is a willful violation. 29 U.S.C.A. §255(a). The commencement date for determining when the statute of limitations begins is: a) on the date the complaint was filed if it is a named plaintiff and his written consent to become a plaintiff was filed on such date; or b) on the date written consent was filed to become a plaintiff. 29 U.S.C.A. §256. Thus, in our case, a claim is barred by the statute of limitations, at the latest, if an employee's last pay period ended more than three years before the filing of his written consent to opt-in.

Since the filing of the Motion, 13 of the 96 Plaintiffs were voluntarily dismissed from the lawsuit. (Docket No. 291). Thus, there are 83 Plaintiffs remaining at issue for not having been employed with Defendants for more than three years prior to the date their opt-in consent forms were filed. Forty-five (45) of the Plaintiffs failed to submit any affidavits in opposition. (Docket No. 295, p. 3). The forty-five Plaintiffs include the following: Chad Appelt, Amy Bartoli, Kimberly Beanner, Carol Behary, Anita Bongartz, Barbara Bonenberger, Jackie Bumpass, Elaine Capezzuto, Denise Carlton, Doris Cavlovich, Deanna Drozd, Anna Forsythe, Lois Friedlander, Dora Glenn, Leslie Hastings, Theresa Hughey, Tricia Jones, Donna King, Mary Jane (Ceberio) Lanese, Lorraine Livingstone, Karen Little, Christine Lorson, Rosemary Magdic, Susan Malongowski, Martin McCormic, Altovise Mclaughlin, Kimberly Mike-Wilson, Dana Montgomery, Susan Morvay, Charmin Moten, Kathleen Murray, Anita Neuner, Luann Nocera, Monica Novak, Christina Reckhart, Brian Russen, Erin Schmitt, Karen Seeberger, Darlene Seiling, Sandra Shaner, Cynthis Pratley, Kimberly Stephany, Laurie Totten, Georgetta Walsh, and Jeffrey Weber. *Id.* In response to a motion for summary judgment, the non-moving party must come forward with specific facts indicating a genuine issue of material fact on matters for which they

will bear the burden at trial. Failing to come forward with any evidence to the contrary, there is no doubt that the statute of limitations has run as to these Plaintiffs. Therefore, summary judgment is warranted as to these Plaintiffs.

The remaining Plaintiffs at issue, for not having been employed with Defendants for more than three years prior to the date their opt-in consent forms were filed, submitted affirmations indicating their employment dates with Defendants. (Docket No. 286-8). Only one of these Plaintiffs actually indicates in her affirmation that she filed her opt-in form within three years of her last date of employment: Margaret Nacey. (Docket No. 268-8, p. 106, ¶¶ 2-4). As a result, summary judgment is not warranted as to Margaret Nacey based on this ground.

The rest of the Plaintiffs who submitted affirmations do not contest that their employment terminated with Defendants more than three years before their opt-in consent forms were filed. (Docket No. 268-8). Rather, these Plaintiffs argue equitable tolling and estoppel. (Docket No. 284, pp. 12-22). The burden of proving that the statute of limitations has been tolled is upon Plaintiffs. *Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997). "Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994), *citing, Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). "[T]here are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver*, 38 F.3d at 1387.

In this case, Plaintiffs assert that equitable tolling is appropriate because Defendants failed to post FLSA notices. (Docket No. 284, pp. 15-17, citing, Docket No. 286-8, Ex. G). The failure to post a required notice will toll the running of the limitations period, "at least until such time as the aggrieved person seeks out an attorney or acquires actual knowledge of his rights

6

under" the Act. *Nagger v. Henry F. Eichmann, Inc.,* 640 F.Supp. 365, 370 (W.D.Pa. 1985), *citing, Bienheim v. Dresser Industries, Inc.,* 569 F.2d 187, 193 (3d Cir. 1977). Applying the above law to the facts of the case, I find there is a genuine issue of material fact as to whether the notices were posted as there are conflicting affidavits/affirmations. *Compare* Docket No. 284, pp. 15-17, citing, Docket No. 286-8, Ex. G, *with* Docket No. 295-3, Ex. DD). As a result, summary judgment is not warranted as to these Plaintiffs.

### D. Employees Not Subject to Automatic Meal Deduction ("AMD")

Defendants argue summary judgment should be granted as to six (6) Plaintiffs because they were not subject to automatic meal break deductions. (Docket No. 257, p. 11). Subsequently, five (5) of the six (6) Plaintiffs at issue were voluntarily dismissed from the action. *Compare,* Docket No. 256-3, p. 2, *with* Docket No. 291. The one remaining Plaintiff is Tara Scholl. (Docket No. 256-3). In support of Defendants' argument, Defendants submit an e-mail from Plaintiffs' counsel to Defendants' counsel confirming that Tara Scholl was not subject to an automatic meal break deduction. (Docket No. 256-3, p. 2). In opposition, Plaintiffs do not dispute this evidence. *See,* Docket No. 284. Based on the same, I find there is no genuine issue of material fact that Tara Scholl was not subject to an automatic meal break deduction. Therefore, summary judgment is warranted as to Tara Scholl.

### E. Employees in Exempt Positions during the Statutory Period

Defendants argue summary judgment should be granted as to seven (7) Plaintiffs because they were employed in exempt positions during the statutory time period. (Docket No. 257, p. 11, *citing,* Docket No. 256-2, p. 12, ¶6, *citing,* Docket No. 256-3, p. 15). Subsequently, five (5) of the seven (7) Plaintiffs at issue were voluntarily dismissed from the action. *Compare,* Docket No. 256-2, p. 15, *with* Docket No. 291. The two (2) remaining Plaintiffs are Bobbie Piccolo and Catherine Jones. (Docket No. 256-2, p. 15). Plaintiffs do not file any evidence in opposition to dispute the affidavit that Bobbie Piccolo and Catherine Jones were exempt employees. Based on the same, I find there is no genuine issue of material fact that Bobbie

Piccolo and Catherine Jones were exempt employees who were not subject to an automatic meal break deduction. Therefore, summary judgment is warranted as to Bobbie Piccolo and Catherine Jones.

### III.     INVOLUNTARY DISMISSAL FOR FAILURE TO PROSECUTE CLAIMS – Rule 41(b)

Defendants also move for dismissal of certain Plaintiffs for failure to prosecute under Rule 41(b). (Docket No. 257, pp. 11-23). Rule 41(b) of the Federal Rules of Civil Procedure permits courts to dismiss an action for failure of the plaintiff to prosecute or to comply with the Rules of Civil Procedure or any order of court. Fed. R. Civ. P. 41(b). In determining whether to dismiss an action under Rule 41(b), I must consider the following six factors set forth by the Court of Appeals for the Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the party's noncompliance; (3) the history of delay; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the availability and effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. With these six factors in mind, I turn to the circumstances of this case.

The following individuals have been confirmed by Plaintiffs' counsel as wanting to opt-out:[2] Ellen Lunz (Doc. No. 286-2, p. 2); Lori Swiklinski (Doc. No. 285-2, p. 2); Annamarie Finucan (Doc. No. 256-4, p. 66); and Barbara Buccigrossi (Doc. No. 286-2, p. 6). When assessing the factors set forth above, there is no doubt that these four individuals want to opt-out of the litigation, have no serious interest in pursuing the litigation, and thus personally chose not to participate in the litigation. Such nonparticipation in the litigation prejudices the Defendants. Therefore, dismissal is warranted as to these Plaintiffs (Ellen Lunz, Lori Swiklinski, Annamarie Finucan, and Barbara Buccigrossi) and they shall be dismissed from this case.

---

[2] Of the original 26 Plaintiffs that Defendants sought to dismiss for affirmatively indicating their desire to opt-out of the litigation, 22 Plaintiffs were voluntarily dismissed. *Compare,* Docket No. 291, *with* Docket No. 256-4, pp. 63-67. As a result, I will only address the remaining four Plaintiffs: Ellen Lunz, Lori Sqiklinski, Annamarie Finucan, and Barbara Buccigrossi.
.

Of the original four (4) Plaintiffs that Defendants sought to dismiss because they failed to provide verifications (Docket No. 256-4, p. 35), all four (4) Plaintiffs (Constance Carl, Judy Morgan, Sandra Mrazik, and Benita Powell) failed to provide affirmations in opposition to the Motion. In weighing the *Poulis* factors, I find that that these four individuals have no serious interest in pursuing the litigation. Otherwise, they would have either provided verifications or opposed the Motion with an affidavit or affirmation. Thus, said Plaintiffs are personally responsible for not participating in the litigation. Such nonparticipation in the litigation prejudices the Defendants. Therefore, dismissal is warranted as to these Plaintiffs (Constance Carl, Judy Morgan, Sandra Mrazik, and Benita Powell) and they shall be dismissed from this case.

Of the original 31 Plaintiffs that Defendants sought to dismiss because they could not be reached regarding a response to the questionnaire or from whom Plaintiffs' counsel were "awaiting confirmation" for a scheduled or rescheduled deposition: Two (2) Plaintiffs were voluntarily dismissed (Docket No. 291); and twenty (20) failed to submit affidavits, affirmations or responses.[3] Of the 26 original Plaintiffs Defendants sought to dismiss because they were designated by West Penn to respond to the questionnaire and who failed to provide responses: Three (3) Plaintiffs were voluntarily dismissed (Docket No. 291); and seventeen (17) failed to submit affidavits, affirmations or responses.[4] Presumably, Plaintiffs' counsel has earnestly sought their participation in answering the questionnaire and has attempted to contact them to respond in opposition to the Motion. I note that Plaintiffs were on notice, by way of the Motion, that dismissal of their claims was being sought, and that they were required to respond in

---

[3] These twenty Plaintiffs include: Roy Copeland, Janean Cusaac, Cynthia Cutruzzula, Dorothy Davis, Kanika Demery, Janet Felsing, Erin Fromherz, Krista Gould, Krystina Gray, Dawn Holt, Soosan Jacob, Danielle Malanosky, Mancy Mancu, Melissa Morganti, Michele Null, James Paolino, Cynthia Pietrzak, Jennifer Reeger, Sherri Sevic, and Gloia Sperhac. (Ex. BB at Docket No. 295-1, ¶7(b)).

[4] These seventeen Plaintiffs include: Angeline Angelo, Joann Baker, ennifer Benson, Rickey Benson, Heather Bercosky, Amy Borgen, Irene Briseel, Marcee Buecker, Michale Cinkan, Cynthia Dismukes, Nancy Divincenzo, Tammy Domiano, Mary Margaret Everett, Terri France, Lisa Genta, Robert Mikita, and Edward Smith. (Ex. BB at Docket No. 295-1, ¶7(c)).

9

opposition. *See,* Order of Court dated July 6, 2010. Contrary to Plaintiffs' assertions, no further notice to Plaintiffs was required. Plaintiffs' failure to, at a minimum, answer questionnaires, which is the least onerous form of discovery, demonstrates a conscious and deliberate desire not to participate in the litigation.

Nonetheless, I will provide Plaintiffs with one last chance to respond. Plaintiffs' counsel is to make earnest and diligent efforts to notify the following non-responsive Plaintiffs that they are required to respond to the questionnaires by October 15, 2010, or their claims against them may be involuntarily dismissed with prejudice for failure to participate in discovery:

> Roy Copeland, Janean Cusaac, Cynthia Cutruzzula, Dorothy Davis, Kanika Demery, Janet Felsing, Erin Fromherz, Krista Gould, Krystina Gray, Dawn Holt, Soosan Jacob, Danielle Malanosky, Mancy Mancu, Melissa Morganti, Michele Null, James Paolino, Cynthia Pietrzak, Jennifer Reeger, Sherri Sevic, Gloia Sperhac, Angeline Angelo, Joann Baker, ennifer Benson, Rickey Benson, Heather Bercosky, Amy Borgen, Irene Briseel, Marcee Buecker, Michale Cinkan, Cynthia Dismukes, Nancy Divincenzo, Tammy Domiano, Mary Margaret Everett, Terri France, Lisa Genta, Robert Mikita, and Edward Smith.

On October, 15, 2010, counsel is to provide this court with a list of the above individuals who did not provide responses to the questionnaires. An assessment will be made thereafter on whether said Plaintiffs shall be involuntarily dismissed.

The remaining Plaintiffs subject to the Motion for Involuntary Dismissal have all responded in some fashion. I reject Defendants' argument that their responses are "too little too late." (Docket No. 295, p. 5 n. 3). Their responses show a willingness to participate and the taking of personal responsibility and do not prejudice the Defendants. While there is a history of delay, weighing the factors, I find that involuntary dismissal is not warranted as to these Plaintiffs.

THEREFORE, this 28th day of September, 2010, upon consideration of the partial Motion for Summary Judgment and Involuntary Dismissal of Certain Plaintiffs (Docket No. 255) of Defendants West Penn Allegheny Health System, Inc., West Penn Allegheny Health System, Inc. t/d/b/a Allegheny General Hospital, West Penn Allegheny Health System, Inc. t/d/b/a The

Western Pennsylvania Hospital, Alle-Kiski Medical Center, Canonsburg General Hospital, Christopher T. Olivia, and John Lasky, and related filings, it is hereby ORDERED that Defendants' Motion (Docket No. 255) is granted is granted in part and denied in part, as follows:

1. The Motion is granted to the extent that the following Plaintiffs are dismissed from this action with prejudice pursuant to Rule 56:

> Nancy Bellora, Karen Dixon, Natalie Donovan, Melanie Droppa, Nancy Fannie, Jane Fink, Debra Fisher, Janice Hiwiller, Kimberly Karabestos, Kelli Keteles, Laura Mikeska, Louann Motts, Norma Nolte, Tara Pacek, Cynthia Puchtler, Susan Richert, Noel Saccameno, Colleen Schrecengost, Renee Schriker, Latricia Scott, Christine Shaw, Elda Silla, Ruth Steffan (Donald Steffan on behalf of deceased), Charlene Suter, Rebecca Vickery, Jeffifer White, Kathleen Zier, Chad Appelt, Amy Bartoli, Kimberly Beanner, Carol Behary, Anita Bongartz, Barbara Bonenberger, Jackie Bumpass, Elaine Capezzuto, Denise Carlton, Doris Cavlovich, Deanna Drozd, Anna Forsythe, Lois Friedlander, Dora Glenn, Leslie Hastings, Theresa Hughey, Tricia Jones, Donna King, Mary Jane (Ceberio) Lanese, Lorraine Livingstone, Karen Little, Christine Lorson, Rosemary Magdic, Susan Malongowski, Martin McCormic, Altovise Mclaughlin, Kimberly Mike-Wilson, Dana Montgomery, Susan Morvay, Charmin Moten, Kathleen Murray, Anita Neuner, Luann Nocera, Monica Novak, Christina Reckhart, Brian Russen, Erin Schmitt, Karen Seeberger, Darlene Seiling, Sandra Shaner, Cynthis Pratley, Kimberly Stephany, Laurie Totten, Georgetta Walsh, Jeffrey Weber, Tara Scholl, Bobbie Piccolo and Catherine Jones.

2. The Motion is granted to the extent that the following Plaintiffs are dismissed from this action with prejudice pursuant to Rule 41(b):

> Ellen Lunz, Lori Swiklinski, Annamarie Finucan, Barbara Buccigrossi, Constance Carl, Judy Morgan, Sandra Mrazik, and Benita Powell.

Additionally, Plaintiffs' counsel is to make earnest and diligent efforts to notify the following non-responsive Plaintiffs that they are required to respond to the questionnaires by October 15, 2010, or they may be involuntarily dismissed from this lawsuit with prejudice for failure to participate in discovery:

> Roy Copeland, Janean Cusaac, Cynthia Cutruzzula, Dorothy Davis, Kanika Demery, Janet Felsing, Erin Fromherz, Krista Gould, Krystina Gray, Dawn Holt, Soosan Jacob, Danielle Malanosky, Mancy Mancu, Melissa Morganti, Michele Null, James Paolino, Cynthia Pietrzak, Jennifer Reeger, Sherri Sevic, Gloia Sperhac, Angeline Angelo, Joann Baker, ennifer Benson, Rickey Benson, Heather Bercosky, Amy Borgen, Irene Briseel, Marcee Buecker, Michale Cinkan, Cynthia Dismukes, Nancy Divincenzo, Tammy Domiano, Mary Margaret Everett, Terri France, Lisa Genta, Robert Mikita, and Edward Smith.

On October, 15, 2010, counsel is to provide this court with a list of the above individuals who did not provide responses to the questionnaires. An assessment will be made thereafter on whether said Plaintiffs shall be involuntarily dismissed.

    3.    The Motion is denied in all other respects.

Finally, it is ordered that Plaintiffs' Motion to Strike (Docket No. 301) is denied.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States District Judge