IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW KUZNYETSOV, *et al.*,   )
                                                      )
      Plaintiffs,   )
                                                      )
   vs.   )   Civil Action No. 9-379
                                                      )
WEST PENN ALLEGHENY HEALTH   )
SYSTEM, INC. *et al.*,   )
                                                      )
      Defendants.   )

AMBROSE, District Judge

## **MEMORANDUM ORDER OF COURT**

Plaintiffs filed a Motion for Reconsideration of my September 28, 2010, Order wherein I granted in part and denied in part Defendants' partial Motion for Summary Judgment and Involuntary Dismissal of Certain Plaintiffs. (Docket No. 322). A motion for reconsideration will be granted where: (1) new evidence becomes available; (2) there has been an intervening change in controlling law; or (3) there is a need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Plaintiffs argue that reconsideration is necessary to prevent manifest injustice. (Docket No. 330, p. 1).

Specifically, Plaintiffs argue that summary judgment was granted as to certain Plaintiffs because Defendants averred, via a declaration of Joe Oestreicher, that said Plaintiffs were not employed by Defendants since they were not employees of the named Defendants. (Docket No. 330, p. 2). Plaintiffs point out that the declaration does not claim that said Plaintiffs never worked for Defendants' affiliated entities. *Id., citing* Docket No. 256-2, p. 12, ¶4. To that end,

Plaintiffs provide evidence that nine individuals were employed by Defendants affiliates,[1] but Plaintiffs seek an order with regard to all 27 Plaintiffs dismissed. (Docket No. 329-1).

In response, Defendants concede that three Plaintiffs dismissed on this basis were actually employees of a Defendant entity: Kelli Keteles, Norma Nolte, and Elda Silla. (Docket No. 334, p. 2, n. 2). As a result, I will vacate my order of September 27, 2010, in the following manner: The Motion for Summary Judgment as to Kelli Keteles, Norma Nolte, and Elda Silla is denied and Kelli Keteles, Norma Nolte, and Elda Silla are reinstated as Plaintiffs to this action.

With regard to Laura Mikeska, Plaintiffs attach an affirmation wherein she states that she was an employee of West Penn Allegheny Health System, Inc. and was subject to the meal break deduction policy. (Docket No. 331-1, Ex. A., p. 3). This affirmation was signed on July 21, 2010. *Id.* My order on summary judgment was not filed until September 28, 2010. (Docket No. 332). Plaintiffs offer no evidence or explanation why this affirmation was not produced in response to the motion for summary judgment like the others. Given that there is no justification for the late filing of this evidence, this is not new evidence worthy of reconsideration. As a result, Plaintiffs' Motion for Reconsideration with regard to Laura Mikeska is denied.

With regard to the remaining 24 Plaintiffs, Plaintiffs have not come forward with any evidence to suggest that any of the remaining 24 Plaintiffs I dismissed were employees of any of the Defendants. (Docket Nos. 329, 330, 331). Rather, Plaintiffs provide me with the names of five individuals who they claim should not be dismissed because they were employees of Defendants: Julia Gilles, Joanne Francis, Bettina Dixon, Lynda Knox, and Maxine Thomas. (Docket No. 331, Exs. B-C). These five individuals, however, were not dismissed by me in my September 28, 2010, Order on this basis or any other basis.[2] (Docket No. 322, pp. 4, 11-12).

---

[1] These individuals include: Kelli Keteles, Laura Mikeska, Bettina Dixon, Joanne Francis, Julia Gilles, Lynda Knox, Maxine Thomas, Norma Nolte, and Elda Silla. (Docket No. 331-1, Exs. A-D).

[2] The individuals who were dismissed on the basis that they were not employed by Defendants include: Nancy Bellora, Karen Dixon, Natalie Donovan, Melanie Droppa, Nancy Fannie, Jane Fink, Debra Fisher, Janice Hiwiller, Kimberly Karabestos, Kelli Keteles, Laura Mikeska, Louann Motts, Norma Nolte, Tara

2

As a result, these individuals have not been dismissed from this case. Therefore, reconsideration is not warranted as to these individuals.

With regard to the remaining 24 Plaintiffs I did dismiss, I agree with Plaintiffs that on September 27, 2010, I issued an order rejecting Defendant's argument that Defendants' related entities were not a part of this lawsuit. (Docket No. 321). In response to the current Motion for Reconsideration, Defendants filed a new declaration of Joe Oestreicher. (Docket No. 334-1). Therein, he states that with regard to the following 12 of the 24 remaining Plaintiffs, they have no records of employment with any of the Defendant: Nancy Bellora, Nancy Fannie, Debra Fisher, Kimberly Karabestos, Laura Mikeska,[3] Tara Pacek, Susan Richert, Colleen Schrecengost, Latricia Scott, Christine Shaw, Jennifer White and Kathleen Zier. (Docket No. 334-1, ¶3). As set forth above, Plaintiffs have not come forward with any evidence, via affidavit or otherwise, to contradict this in support of their Motion to Reconsider. Thus, there is no basis upon which to grant the Motion for Reconsideration as to these 12 individual Plaintiffs and they shall remain dismissed from this action.

Defendants concede that the following remaining 12 Plaintiffs were employed by a Defendant: Karen Dixon, Natalie Donovan, Melanie Droppa, Jane Fink, Janice Hiwiller, Louann Motts, Cynthia Puchtler, Noel Saccameno, Renee Schriker, Ruth Steffan (Donald Steffan on behalf of deceased), Charlene Suter, and Rebecca Vickery. (Docket No. 334-1, ¶4). They argue, however, that said employees were not employees by such an entity within three years prior to filing their opt-in consent forms. (Docket No. 334, pp. 3-4; Docket No. 334-1, ¶4). Accordingly, Defendants argue that said Plaintiffs should remain dismissed from the action and the Motion for Reconsideration should be denied. *Id.* I agree. As set forth above, Plaintiffs have not come forward with any evidence, via affidavit or otherwise, to contradict this in support

---

Pacek, Cynthia Puchtler, Susan Richert, Noel Saccameno, Colleen Schrecengost, Renee Schriker, Latricia Scott, Christine Shaw, Elda Silla, Ruth Steffan (Donald Steffan on behalf of deceased), Charlene Suter, Rebecca Vickery, Jennifer White and Kathleen Zier. (Docket No. 322, p. 4).

[3] Laura Mikeska is already dismissed from this action based on another ground. *See, infra.*

3

of their Motion to Reconsider. Thus, based on the same and the reasons set forth in my September 28, 2010, Order, there is no basis upon which to grant the Motion for Reconsideration as to these 12 individual Plaintiffs. Consequently, they shall remain dismissed from this action.

THEREFORE, this 22nd day of October, 2010, it is ordered that Plaintiffs' Motion for Reconsideration (Docket No. 329) is granted in part and denied in part, as follows:

1. My order of September 27, 2010, is vacated in the following manner only: The Motion for Summary Judgment as to Kelli Keteles, Norma Nolte, and Elda Silla is denied and Kelli Keteles, Norma Nolte, and Elda Silla are reinstated as Plaintiffs to this action.

2. The Motion is denied in all other respects.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States District Judge