IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW KUZNYETSOV, *et al.*,            )
                                        )
    Plaintiffs,                         )
                                        )
    vs.                                 )   Civil Action Nos. 10-1095 and 9-379
                                        )
WEST PENN ALLEGHENY HEALTH              )
SYSTEM, INC. *et al.*,                  )
                                        )
    Defendants.                         )

AMBROSE, Senior District Judge

## MEMORANDUM ORDER OF COURT

Defendants filed a Motion for Partial Summary Judgment as to Certain Plaintiffs who did not work sufficient Hours to Establish a Claim for Overtime Compensation.[1] (ECF No. 357). Plaintiffs have filed a Memorandum in Opposition and Defendants have filed a Reply thereto. (ECF Nos. 386 and 389). The Motion is now ripe for review.

### I.    Motion for Summary Judgment Standard

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

---

[1] Defendants originally moved for summary judgment as to 53 Plaintiffs, but acknowledge that five Plaintiffs were previously dismissed voluntarily. (ECF No. 389, p. 2, n. 1).Additionally, Defendant and voluntarily withdrew its motion with respect to 10 other Plaintiffs. (ECF No. 389, p. 2, n. 1). As a result, Defendants seek summary judgment as to 38 Plaintiffs. *Id.*

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.,* 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex,* 477 U.S. at 322.

Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id.* at 324. Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *White v. Westinghouse Electric Co.,* 862 F.2d 56, 59 (3d Cir. 1988), *quoting, Celotex*, 477 U.S. at 322.

### A. Workweeks Under 40 Hours

This is a case brought pursuant to §216(b) of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), for unpaid overtime compensation for work performed during meal breaks. Under the FLSA, employees are entitled to overtime pay for a "workweek longer than forty hours." 29 U.S.C. §207(a)(1). Defendants argue that 38 Plaintiffs[2] have failed to work 40

---

[2] The 38 Plaintiffs include: Patricia Hutchinson, Marianne Foglia, Lori Parke, Barbara Mathews, Rebecca Opiela, Andrea Wesolowski, Arlene Bauman, Krista Colella, Daniell Viszlay, Jill Juracko, Marlene Mcewen, Lynne Bane, Kristy Taylor, Rita Kania, Kathleen Atkins, Jane Sykes, Victor Sabarese, Renee Fischer, David Hovan, Mary Knipp, Monica Mozdzen, William Kochman, Heather Turnsek, Sandra

hours during any given workweek and, thus, are not entitled to overtime compensation even if they worked through a meal break on every day they worked during the relevant time period.[3] (ECF No. 359, p. 2). Specifically, Defendants arrived at the 38 Plaintiffs by finding opt-in Plaintiffs that worked no more than 37.5 hours in any given workweek, via their computerized time and attendance system (Kronos). (ECF No. 359, p. 4-5). That way, even if those particular Plaintiffs worked through every meal break on every day they worked during every workweek, they would not have exceeded 40 hours (37.5 hours + 2.5 hours = 40 hours) in any given workweek.[4] *Id.*

Additionally, Defendants argue that the 38 Plaintiffs do not meet the class requirements because they did not work more than 40 hours in any give workweek. (ECF No. 359, pp. 5-6). There is no question that to be a part of a putative class, a plaintiff must meet the class requirements. Consequently, Defendants argue that the 38 Plaintiffs cannot establish they are entitled to overtime pay under the FLSA and request summary judgment in their favor. (ECF No. 359).

---

Owens, Amy Solomon, William Volkman, Beverly McGrath, Nicole Ensworth, Mary Fairley, Lynne Swartz, Christina McElroy, Kimberly Leete, Jennifer Holby, Kristy Garcia, Faith Debellis, Melissa Fabiann, Thomas Mazzant and Derric Carter.

[3] This was based on a five day workweek.

[4] There are two exception noted by Defendants. (ECF No. 359, p. 4, n. 2-3). Plaintiff, Kristy Garcia, had one workweek where she worked 38.5 hours, but they argue that those hours were for attending orientation over a five day period during the week of October 5, 2008. *Id.* at p. 4, n. 2. Defendants argue that the Complaint relates only to patient care and other job demands so that there is no reason to infer that Ms. Garcia was not provided with a 30 Minute meal break during each day of her orientation. *Id.* Even assuming she did not get any of her meal breaks during that workweek, Defendants alternatively argue that she would have worked only 41 hours that week and that one hour of overtime is *de minimis* such that it does not warrant the inclusion of Ms. Garcia in this collective action. *Id.* I will assume, for summary judgment purposes, that Ms. Garcia did work through each meal break during orientation. As a result, Ms. Garcia did work one hour of overtime during that week. Defendants do not cite to any case law that would suggest that summary judgment is appropriate in such a circumstance, *de minimis* or otherwise. As a result, I do not find summary judgment is warranted as to Kristy Garcia.

The other exception noted by Defendants is Plaintiff, Dorothy Davis. *Id.* at n. 3. According to Defendants, Ms. Davis worked 35.83 hours over six shifts instead of five. *Id.* However, Defendants argue, that even if you consider that Ms. Davis worked through each shift, she would have only worked a total of 38.83 hours. Thus, Defendants argue that Ms. Davis did not work 40 hours during that workweek either. *Id.* Based on this evidence, I will consider Ms. Davis with the remainder of the Plaintiffs in determining the motion.

In response, Plaintiffs acknowledge that to have a valid FLSA claim an employee must have worked over 40 hours in a workweek, but argue that summary judgment is only appropriate for those Plaintiffs who worked less than 35.5 hour workweeks. (ECF No. 386). Plaintiffs' counsel base this argument on the theory that in addition to working through some or all of their 30 minute meal breaks, Plaintiffs "routinely" worked before and after their scheduled work times. *Id.* To that end, Class Counsel "estimates that opt in plaintiffs often worked a minimum of 5.5 hours of unrecorded work time each workweek." *Id.* at 1, n. 2. Counsels' estimate is based on a National Database of Nursing Quality Indicators ("NDNQI") Survey Report and two academic research studies. *Id.* at pp. 5-6. Neither the NDNQI Survey Report nor the academic studies, however, is specific to any particular Plaintiff. There is no way for this Court to infer from the NDNQI report or the academic studies that any of the 38 Plaintiffs at issue had unrecorded work time. To do so would be pure speculation. Consequently, I find that the NDNQI report and the academic studies do not create a genuine issue of material fact such that the workweek should have been limited to those Plaintiffs that worked less than 35.5 hours in any given workweek.[5]

Plaintiffs submit a spreadsheet that indicates those Plaintiffs who worked over 35.5 hours and submit the actual amount of hours they worked for a particular workweek. (ECF No. 388-2, pp. 3-4). Reviewing the spreadsheet, I find that one Plaintiff, Beverly McGrath, worked over 37.5 hours in a workweek.[6] Defendants argue that even if Ms. McGrath worked one 42.5 hour workweek (including meal breaks), the 2.5 hours of overtime is "*de minimis,* and does not

---

[5] Additionally, Plaintiffs argue that Defendants rely on incomplete evidence because they failed to produce all the Kronos records for 10 of the opt in Plaintiffs they seek to dismiss. (ECF No. 386, pp. 6-9). In response to Plaintiffs' argument, Defendants agreed to voluntarily withdraw their motion with respect to these 10 Plaintiffs while it continues its investigation into Plaintiffs' allegation. (ECF No. 389, p. 2, n. 1). Therefore, I need not consider this argument.

[6] The spreadsheet indicates that another Plaintiff, Nicole Ensworth, worked over 37.5 hours one week. (ECF No. 388-2, p. 3). While the spreadsheet indicates that she worked 37.77 hours during the week of May 25-31, 2008, the supporting documents indicate that Ms. Ensworth actually only worked 37.33 hours (12.83+12.00+12.5). (ECF No. 388-2, p. 16). Based on this evidence, I find that Ms. Ensworth did not work a workweek over 37.5 hours and will continue to consider Ms. Ensworth in determining the motion.

warrant her inclusion in this collective action." (ECF No. 389, p. 5, n.5). Defendants do not cite to any case law that would suggest that summary judgment is appropriate in such a circumstance, *de minimis* or otherwise. As a result, I do not find summary judgment is warranted at to Beverly McGrath.

Additionally, Plaintiffs argue that summary judgment is inappropriate because Defendants relied on inadmissible evidence. (ECF No. 386, pp. 13-15). Specifically, Plaintiffs suggest that the declarations of both Carey Kenny and Joseph Carey are inadmissible because they lack personal knowledge as to whether the opt-in Plaintiffs have worked more than 40 hours in a workweek. *Id.* After review of the same, I find that the declarations do not state that they have personal knowledge of whether Plaintiffs performed unrecorded work. *See,* ECF No. 358-2 and 358-2. Furthermore, I find that the assertions that were made within the declarations and supported by the Kronos reports are based on personal knowledge. Consequently, I find that Defendants do not rely upon inadmissible evidence.

Finally, Plaintiffs argue that summary judgment is premature because additional discovery is needed pursuant to Rule 56(d). (ECF No. 386, pp. 9-13). In particular, Plaintiffs list a number of discovery items that would "have an impact on the genuine issues of material fact regarding whether plaintiffs worked sufficient hours to establish a claim for overtime compensation…." (ECF No. 386, pp. 11-12). After a review of the same, however, I find no reason to defer my ruling to permit additional discovery. No additional discovery was necessary to oppose the Motion. Rather, the information needed to oppose the Motion could have come from simple affirmations/declarations of Plaintiffs themselves, just as the ones provided by Nancy Phillips and Isabelle Wilson. (ECF No. 388-4). The information was completely within Plaintiffs' control. Counsel merely needed to secure affidavits from the 38 Plaintiffs indicating that they worked beyond the hours they recorded on Kronos. Consequently, I do not find merit in this argument.

Based on the submissions of the parties and viewing the evidence in the light most favorable to Plaintiffs, I find that the following 36 Plaintiffs have failed to come forward with any evidence that they worked in excess of 40 hours for any given workweek:

> Patricia Hutchinson, Marianne Foglia, Lori Parke, Barbara Mathews, Rebecca Opiela, Andrea Wesolowski, Arlene Bauman, Krista Colella, Daniell Viszlay, Jill Juracko, Marlene Mcewen, Lynne Bane, Kristy Taylor, Rita Kania, Kathleen Atkins, Jane Sykes, Victor Sabarese, Renee Fischer, David Hovan, Mary Knipp, Monica Mozdzen, William Kochman, Heather Turnsek, Sandra Owens, Amy Solomon, William Volkman, Nicole Ensworth, Mary Fairley, Lynne Swartz, Christina McElroy, Kimberly Leete, Jennifer Holby, Faith Debellis, Melissa Fabiann, Thomas Mazzant and Derric Carter.

Therefore, I find there is no genuine issue of material fact that said Plaintiffs did not work sufficient hours to establish a claim for overtime compensation. 29 U.S.C. §207(a)(1). Consequently, summary judgment in favor of Defendants is warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW KUZNYETSOV, *et al.*, )
)
   Plaintiffs, )
)
vs. ) Civil Action Nos. 10-1095 and 9-379
)
WEST PENN ALLEGHENY HEALTH )
SYSTEM, INC. *et al.*, )
)
   Defendants. )

AMBROSE, Senior District Judge

AND now, this 4th day of February, 2011, upon consideration of the Partial Motion for Summary Judgment as to Certain Plaintiffs Who Did Not Work Sufficient Hours to Establish a Claim for Overtime Compensation (ECF No. [357]) and related filings, it is hereby ORDERED that said Motion (ECF No. [357]) is granted in part and denied in part, as follows:

   1.    The Motion is granted to the extent that the following Plaintiffs are dismissed from this action with prejudice pursuant to Rule 56:

      Patricia Hutchinson, Marianne Foglia, Lori Parke, Barbara Mathews, Rebecca Opiela, Andrea Wesolowski, Arlene Bauman, Krista Colella, Daniell Viszlay, Jill Juracko, Marlene Mcewen, Lynne Bane, Kristy Taylor, Rita Kania, Kathleen Atkins, Jane Sykes, Victor Sabarese, Renee Fischer, David Hovan, Mary Knipp, Monica Mozdzen, William Kochman, Heather Turnsek, Sandra Owens, Amy Solomon, William Volkman, Nicole Ensworth, Mary Fairley, Lynne Swartz, Christina McElroy, Kimberly Leete, Jennifer Holby, Faith Debellis, Melissa Fabiann, Thomas Mazzant and Derric Carter.

   2.    The Motion is denied as to Kristy Garcia and Beverly McGrath.

                        BY THE COURT:

                        s/ Donetta W. Ambrose
                          Donetta W. Ambrose
                          United States Senior District Judge